Common Pleas Court of Trumbull County.

THE KENTUCKY JOINT STOCK LAND BANK OF LEXINGTON,
v. JOSEPH SMITH, ET AL.

Decided May 19, 1932.

*Carl F. Thomas,* and *Robert H. Hays,* for plaintiff.
*Charles H. Anderson,* and *H. H. Hoppee,* for defendant.

GRIFFITH, J.

This proceeding was instituted by the Kentucky Joint Stock Land Bank of Lexington, for the foreclosure of a mortgage on a farm in Champion Township, Trumbull County, Ohio.

On December 22, 1922, the plaintiff bank loaned, to Curtis M. Williams and Fannie Williams, Eight Thousand Four Hundred ($8,400.00) Dollars; and took from them their promissory note, bearing interest at six percent; said note was payable in seventy-eight (78) semi-annual payments, and in accordance with the amortization plan set out in plaintiff's petition. This note was secured by a first mortgage on the farm.

In January, 1926, the Williams' sold the farm covered by the mortgage to the defendants Joseph Smith and Barbara Smith, and the Smiths assumed and agreed to pay the note, according to its tenor. The Smiths made numerous installment payments, up to and including the payment due April 1st, 1930. The next payment that fell due was that of October 1st, 1930, in the sum of $279.13, and this payment was not made by the Smiths, nor by anyone else. The note was properly executed, as well as the mortgage, and the assumption by the Smiths is undisputed.

The barn on said farm was insured for $3000.00, against loss by fire, in the Lordstown Farmers Mutual Insurance Company, a company approved by the plaintiff bank, and the proceeds of the insurance were payable to the plaintiff bank, as its interest might appear at the time of loss. While this insurance was in full force and effect, the barn was, on May 27, 1930, totally destroyed by fire.

It should be noted further that, by the terms of the mortgage assumed by the defendants Smiths, they were

to pay all taxes on the farm, as they became due; and in default in the payment of taxes, the whole indebtedness secured by the mortgage became due at once, at the option of the plaintiff bank, without notice of the exercise of said option. The taxes in Trumbull County, in 1930, could be paid at any time up to and including July 20, 1930, although they became due June 20. The taxes which became due June 20 were not paid, and have not been paid to this day.

Within a day or so after the destruction of the barn, the Smiths notified the plaintiff bank of the fire, and requested the bank to send them the proceeds of the insurance money, for the construction of a new barn, stating in their letter that they were rushing plans for the same. Soon, thereafter the Smith let a contract for the building of the barn, at the contract price of $2800.00; and the barn was erected during the Summer of 1930.

On June 18, the bank notified the Smiths that it had concluded to apply the insurance money on the loan, and did so apply it on the loan on July 28, when it received the check from the insurance company.

On June 18 there had been no default in any manner in this mortgage.

On July 1st the bank again wrote Smiths, "we have carefully considered this matter, and the money received from the insurance company, for loss of the barn, must be applied upon the principal of your loan." The loan was in good standing when this letter was written, on July 1st. The loss occurred May 27, and by Article 7 in the mortgage laws was payable to the plaintiff bank "as its interest may appear at time of loss." At time of loss no default existed. On July 28, the insurance money was paid to the plaintiff, and it applied all but $57.73 of the $3000.00 to credit on principal, and the $57.73 to credit on October 1st installment.

On June 2, 1931, the plaintiff bank wrote Mr. W. L. Hammond to, "kindly look into this matter, and let us have your recommendation as to whether the proceeds from the insurance should be used to rebuild the barn or applied on the loan." Mr. Hammond made a personal in-

vestigation, and, on June 16, recommended that the insurance be applied on the loan. Perhaps this recommendation was sound from a business standpoint. Mr. Hammond, preceding his recommendation, described the farm, its location, its buildings, the conveniences in the house, the contemplated new barn, in fact he re-appraised the farm, and the policy which he recommended on June 16 was the policy adopted by the bank in reference to this loan.

Misfortune has overtaken the Smiths by this fire. The bank proceeded at once, and without delay, to re-adjust the loan, to inquire into the question of whether it would be better for the bank to have the proceeds from the insurance applied to the rebuilding of the barn, or applied on the loan. The time for the appraisal of the property; and the determination of its value as security was before December 22, 1922, when the loan was executed.

· . The law of Ohio is that a mortgagee cannot, without the consent of the mortgagor, apply the proceeds of a fire insurance policy to the mortgage debt, unless the debt is due. On October 4 the bank wrote the Smiths, "on account of certain delinquencies in connection with the loan, our executive committee has elected to exercise the bank's option under these conditions to declare the entire loan due and payable forthwith." This is the first notice the Smiths ever had of such action of the executive committee. Smith's testimony is to the effect that they would have paid the taxes, and October 1st installment, had they been paid the insurance money. Before a stipulation for the acceleration of the maturity of a mortgage can become operative, a legal breach by the mortgagor of the condition on which it is dependent must occur. Smiths say that the excuse for their non-payment of taxes in ·July, and the non-payment of the October 1st installment was the fault of the plaintiff bank in withholding their insurance money. Many numerous propositions are discussed and contended for in the briefs submitted, but it is not believed· to be necessary to continue the discussion further.

Upon consideration of all the evidence in this case, and further upon consideration of the cases cited by council

in their briefs, and the weight and force of the reasons stated by counsel in their briefs, and further taking into consideration the purpose of the establishment of the Kentucky Joint Stock Land Bank, the Court is of the opinion that the plaintiff bank was not authorized to accept and apply this $3000.00 to the reduction of the principal of the loan; and that by its own conduct it was estopped, On October 1st, 1930, from enforcing the acceleration provision of the mortgage.

It is therefore ordered, adjudged and decreed that the Kentucky Joint Stock Land Bank of Lexington cancel the receipts for the installments which were due on its mortgage October 1st, 1930, April 1st, 1931, October 1st, 1931 and April 1st, 1932, aggregating $1162.80; that it pay into this Court the sum of $2144.70, to be distributed as follows:

1st, To the Treasurer of Trumbull County, for taxes, —$754.25;

2nd, The balance of $1390.45 to abide further order of the court.

As to the defendant Smith's counter claim, the Court finds the plaintiff should pay to the defendants Smiths the following items:

$63.69 penalties on taxes,

$400.00 attorney fees, and the Court costs of this proceeding.

The Court further finds that the following defendants have valid and subsisting mechanic liens against the lands described in the plaintiff's petition now owned by the defendant Smiths:

| | |
|---|---|
| Laird Lumber Company | $427.84, |
| Hamilton & Meggs | 540.66, |
| Hamilton & Meggs | 267.01, |
| Earl Keck | 425.15; |

A decree may be drawn accordingly by counsel for the defendants Smiths, and, after submitting same to opposing counsel, for such additions or corrections as they desire to suggest, the entry may be submitted to the Court for its approval, exceptions being noted for all parties adversely affected by this decision.